GRIFFITH H. HAYES, ESQ.
Nevada Bar No. 7374
DANIEL B. CANTOR, ESQ.
Nevada Bar No. 14180
**LITCHFIELD CAVO LLP**
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169
Telephone:  (702) 949-3100
Facsimile:  (702) 916-1776
Hayes@LitchfieldCavo.com
Cantor@LitchfieldCavo.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA – NORTHERN DIVISION

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY<br>        Plaintiff,<br>v.<br>RED ROCK HOUNDS, a Domestic Nonprofit Cooperative Corporation Without Stock (81); LYNN LLOYD, individually; AND TRACY TURNBOW (Interested Party)<br>        Defendants. | CASE NO.: 3:20-cv-00272-MMD-BNW<br><br>**OPPOSITION TO MOTION TO DISMISS, JOINDER THERETO, AND ALTERNATIVE MOTION TO STAY PROCEEDINGS** |
| RED ROCK HOUNDS, a Domestic Nonprofit Cooperative Corporation Without Stock; and BARBARA LYNN LLOYD,<br>        Counterclaimants,<br>v.<br>THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY; BEEHIVE INSURANCE AGENCY, INC., a Utah corporation, doing business as CERTIFIED INSURANCE SERVICES, INC.,<br>        Counterdefendants. | |

Plaintiff THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY ("CSU"), by and through its attorneys of record, the law firm of LITCHFIELD CAVO LLP, hereby opposes the Motion to Dismiss [ECF #10] filed by Defendant TRACY TURNBOW ("Turnbow"), the Joinder filed RED ROCK HOUNDS and LYNN LLOYD (collectively "Red Rock") [ECF #14], and the Alternative Motion to Stay Proceedings filed by Red Rock [ECF #15].

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff, CSU is the insurer on a policy for defendant Red Rock. Red Rock has been sued in state court by Turnbow. Turnbow alleges that on or about September 25, 2019, Red Rock owned and operated a facility for horse boarding and training as well as providing lessons for horse riding. Turnbow further alleges that, on that date, she was at Red Rock feeding horses with the express or implied permission of Red Rock and Lynn Lloyd. Allegedly, at that time, a horse belonging to or in the care of Red Rock, known as Indy, suddenly and unexpectedly kicked plaintiff in the back of her skull neck. After Ms. Turnbow fell to the ground, Indy began stomping on her body causing plaintiff further injury. In turn, CSU has filed this action to determine its obligations under the insurance policy with respect to the state court complaint of Turnbow.

### II.

### LEGAL ARGUMENT

**A. CSU Has Amply Stated A Claim for Declaratory Relief Against Red Rock**

In a diversity action, federal law determines whether the parties have presented a controversy ripe for judicial review under the Declaratory Judgment Act. *Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F.Supp. 284, 286 (D.Nev.1987). State substantive law regarding the parties' rights applies when it is relevant to the Court's ripeness analysis. *Id*.

A federal court may grant declaratory relief "[i]n a case of actual controversy within its jurisdiction...." 28 U.S.C. § 2201(a). Accordingly, a district court must determine at the outset whether the parties have presented an actual case or controversy within the court's jurisdiction. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir.2005). A case or controversy is ripe if the court finds "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quotation omitted). Therefore, a court cannot grant declaratory relief if the dispute between the parties is hypothetical or the rights at issue are merely speculative. *Hunt*, 655 F.Supp. at 286. The parties must present a dispute that is "definite and

concrete." *MedImmune*, 549 U.S. at 127, 127 S.Ct. 764 (quotation omitted).

Here, there is a ripe, actual, and substantial controversy concerning CSU's obligations to Red Rock for the allegations asserted against Red Rock in the Turnbow Complaint; specifically, whether or not CSU must defend Red Rock against the allegations asserted in the Turnbow Complaint and/or indemnify Red Rock for any potential judgment rendered in the state court action. Accordingly, declaratory relief is warranted.

    i. <u>A Ripe and Actual Controversy Exists Between CSU and Red Rock Regarding The Rights Of Red Rock And The Obligations of CSU Under the Policy</u>

Unless an actual controversy exists, the Court is without power to grant declaratory relief. 28 U.S.C. § 2201. The key question is "whether ... there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972), quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). See also City of Springfield, supra at 89. The Court cannot grant declaratory relief if the asserted controversy involves only future or speculative rights. *County of Santa Barbara v. United States*, 269 F.Supp. 855, 862 (C.D.Cal.1967). Federal constitutional courts act only on cases and controversies and do not give advisory opinions. *Coffman v. Breeze Corps.*, 323 U.S. 316, 324, 65 S.Ct. 298, 302, 89 L.Ed. 264 (1945); *Pinto v. Tampo Largo,* 205 F.Supp. 129, 132 (S.D.Cal.1962). A case or controversy exists when an insurer seeks a "declaration regarding its duty to defend and indemnify its insured in a pending state court liability suit." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994). Upon finding a case or controversy within the Court's jurisdiction, it must then decide whether to exercise that jurisdiction. *Id.* District courts "should avoid needless determination of state law issues," "discourage litigants from filing declaratory actions as a means of forum shopping," and "avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942) ).

Under Nevada law, declaratory relief between an insured and his insurer may be granted prior to a final tort judgment. *El Capitan Club v. Fireman's Fund Ins. Co.*, 89 Nev. 65, (1973). Declaratory relief is proper between an insured and his insurer once the insured has made a demand for the

insurance company to pay a claim or defend a lawsuit. *Knittle v. Progressive Cas. Ins. Co.*, 112 Nev. 8, 908 P.2d 724, 726 (1996). Additionally, declaratory relief between an insured and his insurer may be proper where it is clear and early resolution of the question of coverage will be advantageous to all parties. *El Capitan Club*, 506 P.2d at 429.

Here, CSU has filed this action seeking a declaration regarding its duty to defend and indemnify its insured, Red Rock, in the pending state court liability suit initiated by Turnbow. The declaratory relief action filed by CSU will not require a determination of state law issues. Nor is there any indication that CSU is forum shopping. Red Rock has demanded that CSU defend it in the state court lawsuit filed by Turnbow. Pursuant to *Knittle*, this matter is ripe. Declaratory relief is also proper because it would provide an early resolution of the question of coverage that will be advantageous to all parties.

Accordingly, a ripe case or controversy exists between CSU and Red Rock and this Court should exercise its jurisdiction in this action regarding whether CSU must defend Red Rock against the allegations asserted in the Turnbow Complaint and/or indemnify Red Rock for any potential judgment rendered in the state court action.

### B. The Complaint of CSU Contains Detailed Factual Allegations That Provide Fair Notice to Defendants of CSU's Claims and the Grounds They Rest Upon; The Subject Motion to Dismiss should be Denied.

Under Federal Rule of Civil Procedure 8(a) (2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). [D]etailed factual allegations" are not required. Id. at 55; see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). In considering whether the complaint is sufficient to state a claim, the court will accept "all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009) (internal quotations marks and citation omitted). After accepting plaintiff's factual allegations as true, the Court must then decide whether plaintiff "state[s] a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A

claim is facially plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556.

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit Partnership v. Turner Broad System. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Likewise, there is a strong presumption against dismissing an action for failure to state a claim. See *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff may offer evidence in support of its claims. *Id.* Consequently, a Court may not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

Under these authorities, accepting the allegations of CSU's Complaint for Declaratory Relief as true, and considering those allegations in a light most favorable to CSU, CSU submits it has stated a proper claim for determination of the legal and contractual duties it owes to Red Rock under the Policy. Again, as detailed above, CSU has plead a short and plain statement that put defendants on notice of CSU's claims and the grounds they rest upon. As evidenced by the Opposition of Turnbow and Joinder thereto, Defendants have notice of and are able to clearly articulate CSU's claims. Defendants articulate that CSU "asserts that its insurance policy excludes all claims, including punitive damages and it has no obligation to defend or indemnify RRH for Mr. Turnbow's State Court Claims." Motion to Dismiss [ECF #10], 2:1-2. Defendants further articulate that "CS[U] makes…statements that coverage for RRH does not exist and asserts four defenses: 1) the 'expected or intended injury' exclusion; 2) the 'designated operation or work exclusion'; 3) the 'participant and contestant' exclusion; and 40 the 'punitive and exemplary damage' exclusion." Id. By Defendants own briefing, Defendants have notice of CSU's claims.

Additionally, the Complaint of CSU contains fourteen separate paragraphs of facts in support of its claims. Defendants cannot show that "beyond a doubt that [CSU] can prove no set of facts in support of [her] claim which would entitle him to relief." Instead Defendants argue that "the facts alleged in the view of the insurance policy cannot trigger the first three exclusions." *Id.* However, as

5

stated by the Court in *Gilligan*, "[t]he issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff may offer evidence in support of its claims.

Accordingly, CSU has stated a valid claim for declaratory relief.

### C. Disputed Material Facts Preclude Summary Judgment

The Nevada Supreme Court has stated that "[a] trial court may, in its sound discretion, refuse to grant summary judgment if the motion is made at an early stage of discovery because the court feels that further development is needed to assist it in its decision." *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 302 (1983) (citing10 Wright & Miller, Federal Practice & Procedure: Civil § 2728 at 558 (1978)).

If the Court treats the Motion to Dismiss as a Motion for Summary Judgment, it must be denied because it is premature. This action was only recently filed on May 7, 2020. No joint case conference report has been filed, and discovery has not been opened. All parties haven't even exchanged documents. Granting summary judgment now could have unanticipated adverse effects on the parties to this action. Defendants cited no case law in support of its Motion to Dismiss/ Motion for Summary Judgment wherein summary judgment was granted at such an early stage in the litigation. This is probably because, as demonstrated above, the Nevada Supreme Court has repeatedly held that it is error to grant summary judgment when the parties have not been able to discover sufficient facts to properly oppose. See *Harrison v. Falcon Prod., Inc.*, 103 Nev. 558, 560 (1987) (granting summary judgment two years after filing the complaint was an abuse of discretion because the party was unable to gather information to support her claims and was not dilatory in conducting discovery).

Based on the foregoing reasons, Plaintiff's Motion must be denied so that discovery can be conducted.

### D. A Stay is Not Appropriate

Red Rock requests a stay of these proceedings because there are overlapping issues with the ongoing state action, they will suffer hardship by being forced to fight two suits, a stay will not prejudice CSU, and a stay while allowing the underlying action to proceed will simplify issues in this case. As argued above, declaratory relief may be granted before a final tort judgment. Also, defendants will not suffer any hardship if a stay is not granted.

A district court has the discretionary power to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In determining whether to grant a stay, courts weigh "(1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplification or complication of issues, proof, and question of law ...." *Fed. Ins. Co. v. Holmes Weddle & Barcott PC*, No. C13-0926JLR, 2014 WL 358419, at *3 (W.D. Wash. Jan. 31, 2014). The party requesting the stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The defendants have not met their burden to show a stay is warranted. A finding that the exclusion and endorsement apply to the Turnbow action does not preclude a finding in that case that the allegations have not been proven. Furthermore, under Nevada law "declaratory relief between an insured and his insurer may be granted prior to a final tort judgment." *Vignola v. Gilman*, 804 F. Supp. 2d 1072, 1077 (D. Nev. 2011). The fact that the defendants will have to litigate this case and the underlying case simultaneously is insufficient to warrant a stay. Neither party has shown that it will be unduly prejudiced. Accordingly, the Red Rock's alternative request for stay of proceedings should be denied.

### III.
### CONCLUSION

Based on the foregoing, CSU respectfully requests that Defendants' Motion to Dismiss, the Joinder thereto, and the Alternative Request for Stay be denied in their entirety. Alternatively, if this Court is inclined to grant Defendants' Motion, CSU should be given leave to amend.

Dated: August 14, 2020

LITCHFIELD CAVO LLP

By: /s/ Griffith H. Hayes
GRIFFITH H. HAYES, ESQ.
Nevada Bar No. 7374
DANIEL B. CANTOR, ESQ.
Nevada Bar No. 14180
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
Tel: 702-949-3100/Fax: 702-916-1779
Hayes@LitchfieldCavo.com
Cantor@LitchfieldCavo.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Hilary Rainey, certify that I am an employee of the law offices of Litchfield Cavo LLP and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I also further certify that the service of the **OPPOSITION TO MOTION TO DISMISS, JOINDER THERETO, AND ALTERNATIVE MOTION TO STAY PROCEEDINGS** was made on the 14th day of August, 2020, on all parties in this action, by causing a true copy thereof to be distributed as follows:

X    By Notice of Case Management/Electronic Case Filing (CM/ECF) of the United States District Court, District of Nevada, to the individuals and/or entities on the ECF Service List.

| Counsel | Tel/Fax/Email | Party |
|---|---|---|
| Richard G. Hill, Esq.<br>Richard G. Hill, Ltd.<br>652 Forest Street<br>Reno, Nevada 89509 | T: 775-348-0888<br>E: rhill@richardhilllaw.com | Defendants/Counterclaimants Lynn Lloyd and Red Rock Hounds |
| Curtis B. Coulter, Esq.<br>Coulter Harsh Law<br>403 Hill Street<br>Reno, Nevada 89501 | T: 775-324-3380<br>F: 775-324-3381<br>E: curtis@coulterharshlaw.com | Defendant Tracy Turnbow |
| John C. Boyden, Esq.<br>Erickson, Thorpe &<br>  Swainston, Ltd.<br>P.O. Box 3559<br>Reno, NV 89505 | T: 775-786-3930<br>E: Jboyden@etsreno.com | Counterdefendant Beehive Insurance Agency, Inc. dba Certified Insurance Services, Inc. |

Dated this 14th day of August, 2020.

_____
Hilary Rainey