Curtis B. Coulter, Esq.
Nevada State Bar 3034
COULTER HARSH LAW
403 Hill Street
Reno, Nevada 89501
P:      775.324.3380
F:      775.324.3381
*Attorney for Defendant, TRACY TURNBOW*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA – NORTHERN DIVISION

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY,<br><br>            Plaintiff,<br>v.<br><br>RED ROCK HOUNDS, a Domestic Nonprofit Cooperative Corporation Without Stock (81); LYNN LLOYD, individually; AND TRACY TURNBOW (Interested Party),<br><br>            Defendants. | CASE NO.: 3:20-CV-00272-MMD-WGC<br><br>**REPLY TO CSU'S OPPOSITION TO MOTION TO DISMISS FILED BY TRACY TURNBOW, JOINDER THERETO, AND ALTERNATIVE MOTION TO STAY DETERMINATION REGARDING PUNITIVE DAMAGES** |

Comes now interested party, Tracy Turnbow, by and through her counsel at COULTER HARSH LAW, and hereby files this reply to the Opposition CSU (ECF #27) filed to her Motion to Dismiss (ECF #14).

### INTRODUCTION

Ms. Turnbow filed suit in state court against Red Rock Hounds ("RRH") and Lynn Lloyd alleging personal injuries and asserted claims for negligence and strict liability. (ECF#1-1). The state court defendants generally denied plaintiff's allegations. Thereafter, CSU filed in filed this case for declaratory relief in an effort to avoid defending or indemnifying its insureds, Red Rock Hounds (hereinafter "RRH") (ECF #1). Ms. Turnbow, an interested party, filed a motion to dismiss CSU's

1

complaint and stay the punitive damage issue until that issue becomes ripe (ECF#10). CSU's insured, RRH, is a state court Defendant, and joined in Ms. Turnbow's motion to dismiss and stay proceedings (ECF # 14). CSU filed its opposition (ECF # 27) but did not oppose Ms. Turnbow's substantive analysis that the facts against RRH did not trigger the coverage exclusions asserted by CSU and therefore the motion to dismiss should be granted. Cf.LR7-2 (d).

CSU asserts its insurance policy excludes all claims asserted by Ms. Turnbow. (ECF # 1). CSU also alleges it has no obligation to defend or indemnify RRH for punitive damages. (ECF # 1). [1] CSU offers only conclusory statements that coverage for RRH does not exist because of three exclusions. See, (ECF # 1). The facts Ms. Turnbow alleged against RRH (ECF # 1-1) do not trigger the three exclusions asserted by CSU: the 1) expected and intended consequences 2) designated operation or work and 3) participants and contestants exclusions. These exclusions do not apply given the few facts actually alleged.[2]

CSU's complaint asserts "labels and conclusions" which do not raise above the "speculative level." The sparce facts alleged by CSU against its insured, RRH do not trigger the policy exclusions asserted by CSU. CSU's opposition does not provide any analysis of how any fact alleged in Ms. Turnbow's state court complaint (ECF # 1-1) against CSU's insured, RRH, or in CSU's complaint (ECF # 1), apply to the three exclusions asserted by CSU. Just because the CSU policy contains exclusions it does not mean these exclusions apply. The facts alleged must justify each exclusion. In other words, asserting an exclusion from an insurance policy without facts applicable to that exclusion does not create an actual and present controversy for this Court to adjudicate.

---

[1] CSU asserts that it has no obligation to "defend" or "indemnify" RRH for punitive damages since there is no claim or cause of action for punitive damages there is no "duty to defend" issue for this Court to adjudicate. The issue regarding punitive damages is whether CSU may have a duty to indemnify RRH for such damages. Adjudication of the duty to indemnify RRH for punitive damages is addressed below in section II A.
[2] Coverage and indemnity regarding punitive damages is asserted separately in the "stay" portion of this brief.

The articulate analysis of RRH in its joinder, (ECF # 14) are incorporated in this reply, but are not restated in an effort to preserve the Court's time.

## I. POINTS AND AUTHORITIES

A. **An Actual Controversy Does Not Exist**

"A federal court may grant declaratory relief "[i]n a case of **actual controversy** within in its jurisdiction…" 28 U.S.C. § 2201(a). (Emphasis added.) Accordingly, a district court must determine at the outset whether the parties have presented an actual case or controversy that falls within the Court's jurisdiction. *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 669 (9th Circ.2005).

In deciding a Rule 12(b)(6) motion, the Court may consider documents attached to, integral to, or incorporated by reference in the complaint. See Fed. R. Civ. P. 10(c). Ms. Turnbow's state court complaint (ECF # 1-1) is part of the documents referred to by CSU in its complaint. ECF # 1. CSU's complaint for declaratory relief must be based on the facts alleged by Ms. Turnbow in the state court action. CSU cannot assert new facts in its complaint for declaratory relief that do not exist in the complaint against RRH in the state court. CSU cannot create a controversy by asserting non-existing facts or factually inapplicable exclusions. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Sarmiento v. U.S.,* 678 F.3d 147, 152 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant Defendants['] motion to dismiss." *Scott v. Town of Monroe,* 306 F. Supp.2d 191, 198 (D. Conn. 2004). For a complaint to survive a motion to dismiss, "[a]fter the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge Plaintiff's claims across the line from conceivable to plausible."

The same standard for review governs a motion for judgment on the pleadings under Rule 12(c) as a motion to dismiss under Rule 12(b)(6). *Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012). The purpose of such a motion is to test the legal sufficiency of the complaint. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

CSU asserts that certain exclusions apply and therefore insurance coverage is not available to RRH. The underlying facts must be considered in determining if the exclusions actually apply. Facts in the state court complaint, (ECF # 1-1), must be viewed in connection with the exclusions asserted by CSU.

Based on the facts, the exclusions asserted by CSU do not apply. Granting CSU leave to amend will not change the facts. Therefore, amendment would be futile.

B. **Stay of the Punitive Damages**

A case or controversy is only "ripe" if the Court finds "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007).

CSU's opposition describing Ms. Turnbow's request for stay is not accurate. Here, a stay is appropriate regarding punitive damages because such damages are remote and uncertain. Therefore, there is no present substantial controversy regarding coverage (indemnity) for punitive damages for this Court to decide. Although Plaintiff's state court prayer for punitive damages is arguably sufficient to vest this Court with discretion to address this tenuous issue, the expenditure of this Court's resources and the resources of the parties would be better utilized if, and when, Ms. Turnbow's request for punitive damages survives a motion for summary judgment in the state court or, after such damages are imposed against RRH.

Where a premature request for declaratory relief regarding the duty to indemnify is joined to a ripe request for declaratory relief regarding the duty to defend, the well-accepted practice is to retain jurisdiction over the latter request and stay, but not dismiss, the premature request. See *White-Spunner Constr., Inc. v. Zurich Am. Ins. Co.,* 2010 WL 3489956 (S.D.Al 2010) at *2; *Smithers Const. Inc. v. Bituminous Cas. Corp.,* 563 F. Supp. 2d 1344, 1349 (S.D.Fla 2008); *Atl. Cas. Ins. Co.,* 2007 WL 4335499, at *6(S.D.A); *Accident Ins. Co. v. Greg Kennedy Builder, Inc.,* 159 F. Supp. 3d 1285, 1293 (S.D. Ala. 2016) ("When, as here, the action includes a ripe request for a declaration as to the duty to

4

defend, the Court has consistently stayed an accompanying, unripe request for a declaration as to the duty to indemnify."). Stay of the punitive damages issue is particularly appropriate here given that the state court has not yet ruled on the viability of a possible recovery of punitive damages. It is certain that such a ruling will occur by the state court before trial. If the state court, after considering facts presented [3] dismisses the request for punitive damages then CSU's complaint regarding punitive damages will be moot. If Ms. Turnbow's request for punitive damages survives a motion for summary judgment then "indemnity" for punitive damages becomes ripe for this Court to address.

Regarding a stay, CSU cites *Lockyer v. Mirant Corp.,* 398 F3d 1098, (9th Cir. 2005). CSU asserts that three factors should be considered in granting a stay: "(1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly courser of justice measured in terms of the simplification or complication of issues, proof, and question of law..." Id. @1109. At no point does CSU claim it will be prejudiced by a stay. In fact, no harm will result to CSU from the stay because CSU does not have an applicable exclusion to the claims asserted against RRH. CSU will suffer no "hardship" for the same reason. A stay will facilitate the orderly administration of justice, preserving the issue of "indemnity" for "punitive damages" if, and until, that issue actually becomes ripe.

## II. CONCLUSION

CSU provides no analysis of why the three exclusions it asserted apply to the facts. CSU has made nothing more than conclusory allegations that its three exclusions apply in seeking declaratory relief. Analysis of the three exclusions, in light of the facts shows the exclusions do not apply. When this Court conducts its own analysis it will conclude no fact alleged against RRH has triggered any of the 3 substantive exclusions asserted by CSU.

---

[3] This will usually occur after close of discovery.

Only when a dispute is not hypothetical, but definite and concrete, are the rights of the parties ripe for adjudication. See, *Royal Surplus Lines Ins. Co. v. D.H. Williams Constr., Inc.,* No. 106CV000520WWSMS, 2006 WL 8458554, at *10 (E.D. Cal. July 24, 2006).

"Because a suit that lacks ripeness is not justiciable, the absence of ripeness precludes the federal courts from exercising jurisdiction." *St. Paul Fire & Marine Ins. Co.*, 2012 WL 3637690, at *3 *7 (N.D. Ala). Further, a court considering ripeness should also consider "prudential considerations." See *Digital Properties v. City of Plantation,* 121 F.3d 586, at 589(II Cir. 1997).

Here, just cause exists to grant the motion to dismiss with prejudice because no exclusion applies to the sparse facts alleged. Granting CSU leave to amend will not change the facts, so amendment would be futile.

The court should dismiss CSU's complaint regarding the three exclusions with prejudice. The punitive or exemplary damage exclusion should be dismissed without prejudice or stayed pursuant to the ripeness doctrine and *Digital Properties*. CSU will suffer no hardship by dismissal without prejudice of its complaint for declaratory relief regarding punitive damages. The Court should also exercise its discretion and rule that relief regarding the punitive damage exclusion be either dismissed without prejudice or stayed until the issue becomes ripe for adjudication.

Mrs. Turnbow's motion to dismiss should be granted. CSU's compliant should be dismissed with prejudice regarding the exclusions: "expected or intended injury;" "designated operation or work;" and "participants and contestants." Leave to amend need not be granted, because amendment would be futile. The portion of CSU's complaint regarding punitive damages should be dismissed without prejudice or stayed if and until that issue becomes ripe.

///

///

///

## AFFIRMATION

The undersigned does hereby affirm that, pursuant to NRS 239B.030, the above document does not contain the Social Security Number of any person.

DATED: August 18, 2020.

_____
Karl H. Smith, Esq.
Coulter Harsh Law
*Attorney for Defendant, TRACY TURNBOW*

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5 (b), I hereby certify that I am an employee of COULTER HARSH LAW, and that I served a true and correct copy of foregoing document by:

_____  Mail on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope with first-class postage affixed thereto, deposited in the United States Mail, at Reno, Nevada.

_____  Personal delivery by causing a true copy thereof to be hand-delivered to the address or addresses set forth below.

_____  Facsimile on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address or addresses noted below.

_____  Federal Express or other overnight delivery.

_____  Hand-delivery by Reno/Carson Messenger Service.

  X     E-flex.

Addressed as follows:

Griffith H. Hayes, Esq.
Daniel B. Cantor, Esq.
LITCHFIELD CAVO LLP
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
Hayes@LitchfieldCavo.com
Cantor@LitchfieldCavo.com
*Attorneys for Plaintiff*

John C. Boyden, Esq.
ERICKSON, THORPE & SWAINSTON, LTD.
P.O. Box 3559
Reno, Nevada 89505
jboyden@etsreno.com
*Attorneys for Counterdefendant Beehive Insurance Agency, Inc.*

Richard G. Hill, Esq.
RICHARD G. HILL, LTD.
652 Forest Street
Reno, Nevada 89509
rhill@richardhilllaw.com
*Attorney for Red Rock Hounds and Barbara Lynn Lloyd*

DATED: August 20, 2020

An employee of Coulter Harsh Law