RICHARD G. HILL, ESQ.
State Bar No. 596
RICHARD G. HILL, LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
rhill@richardhillaw.com

Attorneys for Barbara Lynn Lloyd and Red Rock Hounds

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RED ROCK HOUNDS, a Domestic Nonprofit Cooperative Corporation Without Stock (81) [sic]; LYNN LLOYD, individually; and TRACY TURNBOW (Interested Party),<br><br>Defendants.<br>_____<br>AND RELATED CLAIMS.<br>_____ | Case No. 3:20-cv-0272-MMD-BNW |

### REPLY TO OPPOSITION TO ALTERNATIVE MOTION TO STAY

Defendants, RED ROCK HOUNDS and BARBARA LYNN LLOYD, reply to the opposition by plaintiff (ECF #27) to the alternative motion to stay these defendants filed July 22, 2020 (ECF #15).

INTRODUCTION

Plaintiff owes these defendants quasi-fiduciary duties and must defend the underlying state court case until such time as it can be proven that facts do not support coverage under the subject insurance policy. Apparently, CSU wants to join forces with Turnbow, the underlying plaintiff, to oppose its own insured, in what is no less than an act of ultimate betrayal.

It is difficult to fathom a more unfair scenario than where the insurer throws in with the insured's adversary to prove no coverage, and, possibly, the existence of facts to justify punitive damages that would be excluded from coverage. The concept of good faith and fair dealing contemplates that defendants, the insureds, bargained to have their insurer and its weight on their side in the litigation, and not as an adversary in <u>both cases</u>. Further, CSU now wants to foist the costs of defending Turnbow's claims onto its insureds in this case, despite its promise to provide a defense. CSU unquestionably wants to deny defendants the benefits of their bargained for insurance, which is exactly what will happen if this case proceeds as plaintiff has it structured.

This case cannot go forward. Plaintiff's complaint is fatally flawed, and to allow CSU to join forces with Turnbow would be highly prejudicial to its insureds. Plaintiff offered no cogent analysis on either point. *Cf.*, LR 7-2(d).

### 1. **Defendants met their burdens of proof.**

Defendants acknowledged their burden to show the Court a stay of this case was warranted. That burden was met because defendants showed the Court plaintiff's claims cannot be decided without the benefit of factual determinations in the underlying case. The alternative, invoked by plaintiff, is for this Court to duplicate most of the state court's efforts. Either that court can do the "heavy lifting," or it falls to this Court. That case will be proceeding. This Court has the option to avoid pursuing duplicative efforts.

CSU did not even claim any prejudice or unfair tactical burden would befall it if this case were to be stayed pending the outcome of the underlying state court case. In fact, defendants are entitled to a full and vigorous defense of that case, and all related facts, without the insurer's interference for its own benefit. That is precisely what will occur if the core facts of the underlying case are to be tried in this case. How can CSU possibly meet its obligation to defend its insureds in the state court case while it is pressing those very claims against its insureds in this case? That is an entirely inappropriate conflict of interest–all to the insured's prejudice.

///

CSU's insureds bargained to have their insurer defend them, not bring its weight to bear against them.

## 2. **A stay in this case is warranted if it is not dismissed.**

The defendants all moved to dismiss this case because plaintiff's complaint is nothing more than vague self-serving conclusions. While its complaint must be short and simple, it must, nonetheless, meet certain minimum standards. Plaintiff must, in its complaint, tell this Court what facts are at issue and how those facts trigger the exclusions it relies on to evade coverage. Plaintiff did not meet that burden.

It this case survives the pending motion to dismiss, it should be stayed.

## 3. **Plaintiff relies on irrelevant authority**.

Rather than discuss any possible prejudice from a stay, plaintiff provides the Court with authority it says shows it should be allowed to proceed. First, plaintiff cites *El Capitan Club v. Fireman's Fund Ins. Co.*, 89 Nev. 65, ___, 506 P.2d 426 (1973), for the proposition that declaratory relief can be granted an insurer before the underlying case is resolved. That case dealt with an airplane crash resulting in 32 fatalities and multiple lawsuits pertaining thereto. That factual scenario has nothing to do with this case, which is literally a "one horse," case. Then, plaintiff cites *Knittle v. Progressive Cas. Ins. Co.*, 112 Nev. 8, 908 P.2d 724, 726 (1996) for the proposition that once demand for coverage is made by the insured, declaratory relief is proper. *Knittle* actually stands for the proposition that a declaratory relief action by a plaintiff in the underlying tort case does not present a ripe controversy while that underlying tort case is still pending. Both legal citations of dubious value to the tasks before this Court.

## CONCLUSION

Defendants have met their burdens and plaintiff has not responded adequately. Plaintiff has not shown good reason for Turnbow's underlying disputes to be litigated in both this Court and the state court. In fact, if CSU is allowed to proceed in this Court to litigate the determinative facts in the underlying tort case, the prejudice to the insureds will

///

3

be very real. Rather than in "good hands," the insureds will not only be left to fend for themselves, deprived of the defense they were promised, but they must try to match the financial weight brought to bear against them by their own insurer. A more prejudicial scenario is difficult to conjure.

WHEREFORE, defendants/counterclaimants pray the plaintiff's complaint be dismissed, without leave to amend; or, in the alternative, this case be stayed until the conclusion of the underlying state court case; and for such other, further, and additional relief as seems just to the Court in the premises.

**AFFIRMATION Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED this _20_ day of August, 2020.

RICHARD G. HILL, LTD.

/s/ RICHARD G. HILL, ESQ.
652 Forest Street
Reno, Nevada 89509
Attorneys for Red Rock Hounds
and Barbara Lynn Lloyd

LAW OFFICE
RICHARD G. HILL
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I am an employee of RICHARD G. HILL, ESQ., and that on the 20th day of August, 2020, I electronically filed the foregoing **Reply to Opposition to Alternative Motion to Stay** with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

Griffith H. Hayes, Esq.
Daniel B. Cantor, Esq.
Litchfield Cavo LLP
3993 Howard Hughes Parkway, Ste. 100
Las Vegas, Nevada 89169
Hayes@LitchfieldCavo.com
Cantor@LitchfieldCavo.com
*Attorneys for Plaintiff, CSU*

Curtis B. Coulter, Esq.
Coulter Harsh Law
403 Hill Street
Reno, Nevada 89501
Curtis@coulterharshlaw.com
*Attorney for Tracy Turnbow*

John C. Boyden, Esq.
Erickson Thorpe & Swainston, Ltd.
99 W. Arroyo Street
PO Box 3559
Reno, Nevada 89505
jboyden@etsreno.com
*Attorney for Beehive Insurance Agency*

/s/ Gabriela Recalle

LAW OFFICE
RICHARD G. HILL
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858