Prescott Jones (Nevada Bar No. 11617)
Emily K. Dotson, (*Pro Hoc Vice admission forthcoming*)
Resnick & Louis, P.C.
8925 West Russell Road Suite 220
Las Vegas, NV 89148-2540
*702.997.3800*
*Attorneys for Intervenor American Reliable Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY<br><br>PLAINTIFF,<br><br>V.<br><br>RED ROCK HOUNDS, a domestic nonprofit cooperative corporation without stock; LYNN LLOYD, individually; AND TRACY TURNBOW (interested party<br><br>DEFENDANTS, | CASE NO: 3:20-CV-00272-MMD WGC<br><br><br>**MOTION TO INTERVENE BY AMERICAN RELIABLE INSURANCE COMPANY** |

1  American Reliable Insurance Company ("American Reliable" or "ARIC"), by and
2  through its undersigned counsel, Emily Navasca of Resnick & Louis, P.C., submits and files this
3  Motion to Intervene by American Reliable Insurance Company and in support thereof states as
4  follows:

5  **I.   INTRODUCTION**

6  This matter comes before the Court in an insurance coverage dispute. Plaintiff, the
7  Cincinnati Specialty Underwriters Insurance Company, seeks an order that it does not have an
8  obligation to defend or indemnify the defendants in a suit brought by Tracy Turnbow. In short,
9  the Plaintiff alleges that the policy of insurance purchased by the Defendants does not provide

1

coverage for the losses alleged in the underlying lawsuit. Intervenor, a fellow insurance company, also provided a policy of insurance that covered Lynn Lloyd, one of the defendants in this case. ARIC seeks to intervene to protect its interests with regard to any coverage provided for its mutual insured with Plaintiff – Lynn Lloyd.[1]

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review

The Federal Rules of Civil Procedure provide that a nonparty to an action may intervene as a matter of right when that nonparty "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Fed. R. Civ. P. 24(a)(2)*. In order to be permitted to intervene as a matter of right, an applicant for intervention as a matter of right must demonstrate that:

> "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest."

*United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *citing United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (citation omitted). These requirements, however, are interpreted broadly and must be interpreted in favor of intervention. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) se*e also S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("In general, we construe Rule 24(a) liberally in favor of potential intervenors."). A court must be guided primarily by both practical and equitable considerations. *Alisal Water Corp.*, 370 F.3d at 919; *accord Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir.2011).

---

[1] American Reliable does not insure Red Rock Hounds.

If intervention as a matter of right is not appropriate, a party may also be permitted to intervene if the nonparty has "a claim or defense that shares with the main action a common question of law or fact." *Fed. R. Civ. P. 24(b)(2)*. Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *citing Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir.1990), *cert. denied*, 498 U.S. 1028, 111 S. Ct. 681, 112 L. Ed. 2d 673 (1991).

**B.  ARIC is entitled to intervene as a matter of right.**

ARIC, as a carrier that provides insurance to Defendant Lynn Lloyd, is uniquely situated to intervene in this action. It is a contemporary of the Plaintiff and thus understands more directly than most the various rights and responsibilities associated with insurance. It also is defending Ms. Lloyd and, thus, understands her position and needs in this case.

Under Nevada law, an insurance carrier has the obligation to defend its insured whenever the allegations of a complaint even potentially trigger coverage. U*nited Natl Ins. Co. v. Frontier Ins. Co*., 120 Nev. 678, 686, 99 P.3d 1153, 1157 (2004). If there is any doubt about whether the duty to defend arises, this doubt must be resolved in favor of the insured. *Id*. (citing *Aetna Cas. & Sur. Co. v. Centennial Ins. Co.*, 838 F.2d 346, 350 (9th Cir. 1988)). The purpose behind construing the duty to defend so broadly is to prevent an insurer from evading its obligation to provide a defense for an insured without at least investigating the facts behind a complaint. *Id*. (citing *Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1090 (Colo. 1991)).

Here, both Plaintiff and ARIC are insurance carriers.  Both ARIC and Plaintiff owe their insureds the highest duty of care and, importantly, owe their insureds a defense.  Both Plaintiff

and ARIC are presently defending Lynn Lloyd under their respective policies. Thus, both Plaintiff and ARIC are similarly situated and have similar interests in the outcome of the underlying suit against Defendants.

However, Plaintiff seeks to avoid that duty by seeking declaratory relief on questionable grounds. *See, D.E. _____ Motion to Dismiss Filed by Tracy Turnbow and Motion to Dismiss filed by Defendants.* Should Plaintiff be allowed to inappropriately avoid its duty to defend, ARIC would be immediately responsible for the full cost of defense of Ms. Lloyd. ARIC's interest in defending Ms. Lloyd, as well as its own interests in allocating those defense payments between itself and Plaintiff, is clearly a protectable interest. Likewise, if Plaintiff receives a declaratory judgment prior to trial in the underlying suit against its insureds, there are certain facts that may or may not ultimately be found true by the jury. It is ultimately the facts, as determined by a jury, that are determinative as to if a claim falls within the scope of coverage of an insurance policy. Plaintiff's attempt to proactively disclaim coverage serves as nothing more than a hollow attempt to shift the burden of indemnity for Lynn Lloyd onto ARIC – or even worse, to Ms. Lloyd and Red Rock Hounds themselves. Such an action is clearly premature and this suit jeopardizes ARIC's protectable interest in maintaining an additional carrier in the defense of Ms. Lloyd.

It is further equally clear that disposition of this matter would cause prejudice to ARIC. Here, as discussed above, both Plaintiff and ARIC are insurance carriers, and both are currently providing a defense to Lynn Lloyd under her policies of insurance. Whether either Plaintiff or ARIC owes Ms. Lloyd indemnity can only be determined after a judgment is rendered. To allow Plaintiff to file a premature declaratory action can serve to do nothing but prejudice ARIC who does not seek to avoid its obligations.

1    Likewise, ARIC's application is timely. ARIC first received notice of this suit on May 29 via letter from Mr. Richard G. Hill, Esq. ARIC has reviewed the claim and has made determination as to its interest and obligations as quickly as possible. This action is in its relative infancy and no party will be prejudiced by ARIC intervening into this action to defend its interest.

Finally, the existing parties do not adequately represent ARIC's interests. As ARIC is not a party to the underlying suit, but is instead an insurer, neither ARIC's insured, Lynn Lloyd, nor the interested party, Tracy Turnbow, are similarly situated with ARIC. The only party similarly situated is Plaintiff – the very party that is seeking to disclaim its duty to Ms. Lloyd. Clearly, the Plaintiff's interest is significantly divergent from that of ARIC.

As demonstrated, ARIC is a proper party for intervention as a matter of right. ARIC, as a fellow insurer of Lynn Lloyd, has a protectable interest in this litigation. Likewise, if Plaintiff is allowed to prematurely disclaim its responsibilities to it (and ARIC's) insured, ARIC will be prejudiced. ARIC has timely filed this motion and it is clear that the existing parties do not adequately represent ARIC's interests. Thus, ARIC is entitled to intervene as a matter of right.

**C.  It is permissive to allow ARIC to intervene.**

Should the court find that ARIC is not entitled to intervene as a matter of right, ARIC is a suitable candidate for permissive intervention. Plaintiff, according to its complaint, is an insurance company with its principal place of business in the state of Ohio. The existing defendants are all residents of Nevada. ARIC is an insurance company with its principal place of business in the state of Arizona. Thus, there is an independent basis for diversity jurisdiction. Likewise, as discussed above, ARIC's motion to intervene is timely. Finally, there is no question that ARIC shares a common question of law and fact. ARIC, like Plaintiff is an insurance

1 company defending the same insured in the same litigation.  The common questions of law and
2 fact are extensive and the court should permit intervention.

## III. **CONCLUSION**

Plaintiff in this case claims that it is entitled to a declaration that it is not responsible for providing insurance coverage to Ms. Lloyd based on certain exclusions.  Those exclusions are not properly asserted at this time and, if not properly opposed, application of these exclusions will prejudice ARIC.  Accordingly, ARIC should be permitted to intervene in this case to protect its interests.

Dated this 27th day of August, 2020.    Respectfully submitted,

*/s/ Prescott Jones*
Prescott Jones (Nevada Bar No. 11617)
Resnick & Louis, P.C.
8925 West Russell Road Suite 220
Las Vegas, NV 89148-2540
*702.997.3800*
*Attorneys for Intervenor American Reliable Insurance Company*