GRIFFITH H. HAYES, ESQ.
Nevada Bar No. 7374
DANIEL B. CANTOR, ESQ.
Nevada Bar No. 14180
**LITCHFIELD CAVO LLP**
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169
Telephone:  (702) 949-3100
Facsimile:  (702) 916-1776
Hayes@LitchfieldCavo.com
Cantor@LitchfieldCavo.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA – NORTHERN DIVISION

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY<br>        Plaintiff.<br>v.<br><br>RED ROCK HOUNDS, a Domestic Nonprofit Cooperative Corporation Without Stock (81)[sic];   LYNN LLOYD, individually; AND TRACY TURNBOW (Interested Party)<br>        Defendants. | CASE NO.:  3:20-cv-00272-MMD-BNW<br><br><br>**JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**Special Review Requested** |
| RED ROCK HOUNDS, a Domestic Nonprofit Cooperative Corporation Without Stock; and BARBARA  LYNN LLOYD,<br>        Counterclaimants,<br>v.<br><br>THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY; BEEHIVE INSURANCE AGENCY, INC., a Utah corporation, doing business as CERTIFIED INSURANCE SERVICES, INC.,<br>        Counterdefendants. | |
| BEEHIVE INSURANCE AGENCY, INC.,<br><br>        Third-Party Plaintiff,<br>v.<br><br>MOORE, CLEMENS & CO., INC., a Virginia corporation, and DOES 1-X, inclusive,<br><br>        Third-Party Defendants. | |

Plaintiff/Counterdefendant THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY ("CSU"), Defendants/Counterclaimants RED ROCK HOUNDS ("Red Rock") and BARBARA LYNN LLOYD ("Lloyd"), Defendant/Interested Party, TRACY TURNBOW ("Turnbow"), Counterdefendant/Third-Party Plaintiff BEEHIVE INSURANCE AGENCY, INC. ("Beehive") and Third-Party Defendant, MOORE, CLEMENS & CO., INC. ("Moore") by and through their respective counsel, hereby submit this proposed Joint Discovery Plan and Scheduling Order.

During the course of the FRCP 26(f) conference the Parties and counsel discussed the presumptive discovery period set forth in LR26-1(b)(1) and agreed to an extension of same, with the below suggested dates, for the reason that there are multiple parties in this case, multiple and complicated issues, COVID 19 related issues, and that potentially dispositive motions are pending before this Court, and that allowing more time for discovery makes sense from a practical and cost savings approach, and would better serve all Parties involved herein. The Parties propose the following discovery plan and scheduling order:

## PROPOSED DISCOVERY PLAN

1. **Discovery Cut-Off Date**: Red Rock and Lloyd filed their Answer on July 20, 2020. ECF No. 11.  To allow for all discovery to take place, the proposed cut-off date for discovery shall be **July 20, 2021**, 365 days from the date of Red Rock and Lloyd's Answer.

2. **Amending the Pleadings and Adding Parties**: All motions to amend the pleadings or to add parties shall be filed no later than **November 20, 2020**.

3. **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts)**: Disclosures and reports concerning experts shall be made by **March 21, 2021**. Disclosures and reports concerning rebuttal experts shall be made by **April 21, 2021**, 30 days after the initial disclosure of experts.

4. **Dispositive Motions**: The date for filing dispositive motions shall not be later than **August 19, 2021**, 30 days after the proposed close of discovery. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

5. **Pretrial Order**: The date for filing the joint pretrial order shall not be later than **September 17, 2021**, 30 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

6. **Pretrial Disclosures**: The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

7. **Extensions or Modifications of the Discovery Plan and Scheduling Order**:

Applications to extend any date set by the discovery plan, scheduling order, or other order must comply with the Local Rules.

8. **Initial Disclosures**: The Parties shall make initial disclosures on or before **October 30, 2020,** to the extent that initial disclosures have not yet been made.

9. **Protective Order**: The Parties may seek to enter a stipulated protective order pursuant to Rule 26(c) prior to producing any confidential documents.

10. **Electronic Service**: The Parties agree that electronic service of discovery documents may be used.

11. **Alternative Dispute Resolution Certification**: The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation.

The Parties are generally agreeable to the Alternative Dispute Resolution through, including but not limited to, mediation and early neutral evaluation after an initial period of discovery. Accordingly, the parties have tentatively agreed to attend mediation with Robert Enzenberger in Reno, Nevada on the 21st and 22nd of January 2021. Counsel for the Parties understand that the desire to mediate is subject to approval and consent by one or more of the insurers in the related matters and the counsel who were not participating in the August 27, 2020 phone conference.

12. **Alternative Forms of Case Disposition Certification**: The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties have not reached any stipulations at this stage.

13. **Electronic Evidence**: The Parties certify that they discussed the possibility of producing documents in electronic format, which could then facilitate presenting electronic evidence to jurors for the purposes of jury deliberations at trial. The parties have not reached any stipulations at this stage.

**IT IS SO STIPULATED**.

Dated:  September 3, 2020                     **LITCHFIELD CAVO LLP**

By:  */s/ Griffith H. Hayes, Esq.*
        GRIFFITH H. HAYES, ESQ.
        Nevada Bar No. 7374
        DANIEL B. CANTOR, ESQ.
        Nevada Bar No. 14180
        3993 Howard Hughes Parkway, Suite 100
        Las Vegas, Nevada  89169
        T:  702-949-3100/F: 702-916-1779
        Hayes@LitchfieldCavo.com
        Cantor@LitchfieldCavo.com
        *Attorneys for Plaintiff*

Dated:  September 3, 2020                     **RICHARD G. HILL, LTD.**

By:  */s/ Richard G. Hill, Esq.*
        RICHARD G. HILL, ESQ.
        Nevada Bar No. 596
        652 Forest Street
        Reno, NV  89509
        T: 775-348-0888
        rhill@richardhillaw.com
        *Attorneys for Defendants and*
        *Counterclaimants Barbara Ann Lloyd and Red*
        *Rock Hounds*

Dated:  September 3, 2020                    **COULTER HARSH LAW**

                                            By:   */s/ Curtis B. Coulter, Esq.*
                                                   CURTIS B. COULTER, ESQ.
                                                   Nevada Bar No. 3034
                                                   403 Hill Street
                                                   Reno, Nevada 89501
                                                   T: 775-324-3380
                                                   curtis@coulterharshlaw.com
                                                   *Attorney for Defendant and Interested Party*
                                                   *Tracy Turnbow*

Dated:  September  3, 2020                   **ERICKSON THORPE & SWAINSTON, LTD.**

                                            By:   */s/ John C. Boyden, Esq.*
                                                   John C. Boyden, Esq.
                                                   Nevada Bar No. 3917
                                                   99 W. Arroyo Street
                                                   PO Box 3559
                                                   Reno, Nevada 89505
                                                   T: 775-786-3930
                                                   jboyden@etsreno.com
                                                   *Attorneys for Counterdefendant and Third-*
                                                   *Party Plaintiff Beehive Insurance Agency*

Dated:  September          , 2020           **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                            By:   */s/ Alice K. Herbolsheimer, Esq.*
                                                   Alice K. Herbolsheimer, Esq.
                                                   Nevada Bar No. 6389
                                                   5555 Kietzke Lane, Suite 200
                                                   Reno, Nevada 89511
                                                   T: 775-827-6440
                                                   Alice.herbolsheimer@lewisbrisbois.com
                                                   *Attorneys for Third-Party Defendant Moore,*
                                                   *Clemens & Co.. Inc.*

## ORDER

The parties' proposed discovery plan and scheduling order is GRANTED in part and DENIED in part.  The parties seek a 365-day discovery period, which is longer than what the Court believes is necessary at this time.  However, in recognition of the complicated issues and the number of parties involved, the Court will grant the parties a 270-day discovery period, which will run from Red Rock and Lloyd's Answer (ECF No. 11).  The Court encourages the parties to complete discovery within this enlarged period.  If the parties later realize they are unable to safely complete discovery within this enlarged period, the Court is happy to consider a stipulation or motion to extend deadlines.

The Court notes that the parties' proposed DPSO does not follow the typical schedule set forth in the Local Rules (e.g., the parties' deadlines for expert disclosures and amending the pleadings are--in relation to the discovery cutoff--earlier than what the Local Rules provide by default).  The Court does not take issue with this.  However, rather than imposing its own DPSO, IT IS ORDERED that the parties must provide a new DPSO consistent with this order by September 25, 2020.

     DATED: September 10, 2020

                              _____
                                   U.S. Magistrate Judge