RICHARD G. HILL, ESQ.
State Bar No. 596
RICHARD G. HILL, LTD.
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
rhill@richardhillaw.com

Attorneys for Barbara Lynn Lloyd and Red Rock Hounds

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THE CINCINNATI SPECIALTY )
UNDERWRITERS INSURANCE COMPANY, )
)
Plaintiff, )
) Case No. 3:20-cv-0272-MMD-BNW
v. )
)
RED ROCK HOUNDS, a Domestic Nonprofit )
Cooperative Corporation Without Stock (81) )
[sic]; LYNN LLOYD, individually; and )
TRACY TURNBOW (Interested Party), )
)
Defendants. )
_____ )
)
AND RELATED CLAIMS. )
_____ )

**MOTION FOR LEAVE TO**
**FILE AND SERVE FIRST AMENDED COUNTERCLAIM**

Defendants/counterclaimants, RED ROCK HOUNDS and BARBARA LYNN LLOYD, move the Court for leave to file their first amended counterclaim. Events have occurred since the original counterclaim was filed (ECF#11) which necessitate an amendment.

The proposed pleading, *Answer, Affirmative Defenses, and First Amended Counterclaim,* is attached as EXHIBIT 1. The substantive changes to the subject pleading are the addition of the Seventh Claim for Relief. Counterclaimants have already claimed

///

///

LAW OFFICE
RICHARD G. HILL
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

against their insurer, THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY ("CSU") for bad faith, but now, based on recent developments, additional claims are appropriate.

Specifically, CSU admits that until this Court decides this case, it remains under an obligation to provide its insureds with a defense of the claims by Tracy Turnbow. CSU is presently doing so.[1] As has been made clear in the briefing in this case, the resolution of CSU's declaratory relief claims against its insureds in this case will require factual determinations of the veracity of Turnbow's claims against these defendants/counter-claimants. Presumably, CSU will be aggressively asserting its position in this case in order to develop facts to demonstrate its putative exclusions appropriately apply to deny its insureds' coverage. That puts CSU and its insureds into conflicting positions in this case.

Because the facts supporting Turnbow's claims are necessary to the resolution of this case, counterclaimants are entitled to a defense against those factual allegations by Turnbow, which CSU has put in issue in this case. See, for example, *Century Surety v. Andrew*, 134 Nev. 819, 821, 432 P.3d 180, 184 (2018) ("[The] duty [to defend] arises if facts in a lawsuit are alleged which if proved would give rise to the duty to indemnify, which then the insurer must defend.") (Internal quotations and punctuation omitted.). Because of CSU's actions, by putting the Turnbow facts in issue, it has created a conflict with its insureds justifying a requirement to provide the insureds with counsel. *State Farm Mut. Auto Ins. Co. v. Hansen*, 131 Nev. 743, 748, 357 P.3d 338, 341 (2015). Counterclaimants have tendered the defense of the facts in the Turnbow claims in this case to CSU, which it has declined to accept. Counterclaimants contend that refusal by CSU is an additional specific breach of CSU's duty of good faith and fair dealings owed its insureds.

///

///

---

[1] See, CV20-00080 (*Turnbow v. Red Rock Hounds*), presently pending in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe.

It is the facts supporting the claims brought against these parties by Turnbow to which the duty of defense attaches. The forum in which those claims are stated is not a determining factor. FRCP 15(a).

This case is in its nascent stage, so prejudice to CSU from allowing the amendment is highly unlikely. Denial of leave to amend would be prejudicial to CSU's insureds, because it could result in foreclosing such a claim in the future, and, at a minimum, would lead to more litigation.

WHEREFORE, defendants/counterclaimants pray the Court grant them leave to file their first amended counterclaim; and for such other, further, and additional relief as seems just to the Court in the premises.

**AFFIRMATION Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED this ___ day of October, 2020.

RICHARD G. HILL, LTD.

_____
RICHARD G. HILL, ESQ.
652 Forest Street
Reno, Nevada 89509
Attorneys for Red Rock Hounds
and Barbara Lynn Lloyd

LAW OFFICE
RICHARD G. HILL
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I am an employee of RICHARD G. HILL, ESQ., and that on the 8th day of October, 2020, I electronically filed the foregoing **Motion for Leave to File and Serve First Amended Counterclaim** with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

Griffith H. Hayes, Esq.
Daniel B. Cantor, Esq.
Litchfield Cavo LLP
3993 Howard Hughes Parkway, Ste. 100
Las Vegas, Nevada 89169
Hayes@LitchfieldCavo.com
Cantor@LitchfieldCavo.com
*Attorneys for Plaintiff, CSU*

Curtis B. Coulter, Esq.
Coulter Harsh Law
403 Hill Street
Reno, Nevada 89501
Curtis@coulterharshlaw.com
*Attorney for Tracy Turnbow*

John C. Boyden, Esq.
Erickson Thorpe & Swainston, Ltd.
99 W. Arroyo Street
PO Box 3559
Reno, Nevada 89505
jboyden@etsreno.com
*Attorney for Beehive Insurance Agency*

Prescott Jones, Esq.
Emily K. Dotson, Esq.
Resnick & Louis, P.C.
8925 West Russell Road, Suite 220
Las Vegas, Nevada 89148-2540
*Attorneys for Intervenor American Reliable Ins. Co.*

_____

LAW OFFICE
RICHARD G. HILL
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858

# EXHIBIT INDEX

| EXHIBIT NO. | DESCRIPTION | PAGES |
|---|---|---|
| 1 | Answer, Affirmative Defenses, and First Amended Counterclaim | 33 |

LAW OFFICE
RICHARD G. HILL
652 Forest Street
Reno, Nevada 89509
(775) 348-0888
Fax(775) 348-0858