1  JACK G. ANGARAN
   Nevada Bar No. 711
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   5555 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   Tel: 775.827.6440
4  Fax: 775.827.9256
   E-Mail: Jack.Angaran@lewisbrisbois.com
5
   Attorneys for Third-Party Defendant,
6  Moore, Clemens & Co.

7                    UNITED STATES DISTRICT COURT

8                          DISTRICT OF NEVADA

9

| | |
|---|---|
| 10  THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | CASE NO. 3:20-cv-00272-MMD-WGC |
| 12           Plaintiff, | **THIRD-PARTY DEFENDANT MOORE CLEMENS & CO.'S ANSWER TO BEEHIVE INSURANCE AGENCY, INC.'S THIRD-PARTY COMPLAINT** |
| 13      vs. | |
| 14  RED ROCK HOUNDS, a Domestic Nonprofit corporation Without Stock (8)1 [sic]; LYNN LLOYD, individually, and TRACY TURNBOW (Interested Party), | |
| 17           Defendants. | |
| 18  RED ROCK HOUNDS, a Domestic Nonprofit Corporative Corporation Without Stock; and BARBARA LYNN LLOYD, | |
| 20           Counterclaimants, | |
| 21      vs. | |
| 22  THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY; BEEHIVE INSURANCE AGENCY, INC., a Utah corporation, doing business as CERTIFIED INSURANCE SERVICES, INC., | |
| 25           Counterdefendants. | |
| 26  BEEHIVE INSURANCE AGENCY, INC., | |
| 27           Third-Party Plaintiff, | |
| 28 | |

4851-3812-5774.1

vs.

MOORE CLEMENS & CO., INC., a Virginia corporation, and DOES I-X, inclusive,

Third-Party Defendants.

Third-Party Defendant, Moore, Clemens & Co., Inc. ("Third-Party Defendant"), by and through its counsel, Jack G. Angaran of Lewis Brisbois Bisgaard & Smith LLP, answers the Third-Party Complaint of Beehive Insurance Agency, Inc. ("Beehive"), as follows:

## PARTIES, JURISDICTION AND VENUE

1. Third-Party Defendant admits the allegations in Paragraph 1.

2. Third-Party Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 2, and on that ground, denies the same.

3. Third-Party Defendant admits the allegations in Paragraph 3.

4. Third-Party Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 4, and on that ground, denies the same.

5. Answering [the first] Paragraph 5,[1] Third-Party Defendant admits that Moore Clemens, through its agent, Michael W. Morris, acted as the main insurance agent in procuring a policy of insurance related to fox hunting for Red Rock Hounds and that the first policy obtained was in 2015. Third-Party Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5, and on that ground, denies the same.

5. Third-Party Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in [the second] Paragraph 5, and on that ground, denies the same.

## FACTUAL DISCUSSION

6. Answering Paragraph 6, Third-Party Defendant admits that one of the joint masters of Red Rock Hounds, Scott J. Tepper, reached out to Michael W. Morris, an agent who worked for Moore Clemens, regarding insurance for Red Rock's fox hunting activities. Third-Party Defendant

---

[1] Beehive's Third-Party Complaint contains two different paragraphs which are both identified as number "5."



4851-3812-5774.1                                       2

also admits that Michael W. Moore is and was knowledgeable regarding procuring insurance for the risk of fox hunting. Third-Party Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6, and on that ground, denies the same.

7. Answering Paragraph 7, Third-Party Defendant admits that through the initial contact between Scott J. Tepper and Michael W. Moore, an insurance policy underwritten by Plaintiff, CSI, was identified, and said policy was discussed between Scott J. Tepper and Michael W. Moore. Third-Party Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7, and on that ground, denies the same.

8. Answering Paragraph 8, Third-Party Defendant admits that Moore Clemens was not licensed in the State of Nevada and that contact was made with Certified Insurance Services (predecessor-in-interest to Beehive), to place and bind the CSI policy on behalf of Red Rock Hounds. Third-Party Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8, and on that ground, denies the same.

9. Answering Paragraph 9, Third-Party Defendant admits that a woman named Tracy Turnbow claims that she was injured by a horse at the location of Red Rock Hounds, that Ms. Turnbow thereafter filed suit in the Second Judicial District Court, State of Nevada, against Red Rock Hounds, under Case No. CV20-00080, which caused the insurer for Red Rock Hounds, Plaintiff CSI, to file the instant action for declaratory relief, which in turn caused Red Rock to file its claim against Beehive, which caused Beehive to file the instant Third-Party Complaint. Third-Party Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9, and on that ground, denies the same.

10. Third-Party Defendant denies the allegations in Paragraph 10.

**FIRST CLAIM FOR RELIEF**

**(Negligence)**

11. Answering Paragraph 11, Third-Party Defendant incorporates herein all of its foregoing answers to Beehive's Third-Party Complaint as though fully set forth at this point.

12. Answering Paragraph 12, Third-Party Defendant owed a duty to exercise

reasonable care in procuring a policy on behalf of Red Rock Hounds. Third-Party Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12, and on that ground, denies the same.

13. Third-Party Defendant denies the allegations in Paragraph 13.

## SECOND CLAIM FOR RELIEF

### (Implied Indemnity)

14. Answering Paragraph 14, Third-Party Defendant incorporates herein all of its foregoing answers to Beehive's Third-Party Complaint as though fully set forth at this point.

15. Third-Party Defendant denies the allegations in Paragraph 15.

16. Third-Party Defendant denies the allegations in Paragraph 16.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

17. Answering Paragraph 17, Third-Party Defendant incorporates herein all of its foregoing answers to Beehive's Third-Party Complaint as though fully set forth at this point.

18. Third-Party Defendant denies the allegations in Paragraph 18.

19. Third-Party Defendant denies the allegations in Paragraph 19.

## FOURTH CLAIM FOR RELIEF

### (Equitable Indemnity)

20. Answering Paragraph 20, Third-Party Defendant incorporates herein all of its foregoing answers to Beehive's Third-Party Complaint as though fully set forth at this point.

21. Third-Party Defendant denies the allegations in Paragraph 21.

## FIFTH CLAIM FOR RELIEF

### (Contribution)

22. Answering Paragraph 22, Third-Party Defendant incorporates herein all of its foregoing answers to Beehive's Third-Party Complaint as though fully set forth at this point.

23. Third-Party Defendant denies the allegations in Paragraph 23.

/ / /

/ / /

### FIRST AFFIRMATIVE DEFENSE

Red Rock Hounds' Counterclaim and Beehive's Third-Party Complaint fail to state a claim upon which relief can be granted in their favor against Third-Party Defendant.

### SECOND AFFIRMATIVE DEFENSE

Red Rock Hounds and Beehive are chargeable with negligence on their own part in and about the premises set forth in the Counterclaim and Third-Party Complaint; the alleged resulting damage to them, if any, was directly and proximately caused and contributed to by their own negligence; and said negligence of Red Rock Hounds and Beehive is of greater proportion and degree than the negligence of Third-Party Defendant, if any.

### THIRD AFFIRMATIVE DEFENSE

The negligence of Red Rock Hounds and Beehive caused or contributed to any injuries or damages they may have sustained, said injuries and damages being expressly denied herein; and the negligence of Red Rock Hounds and Beehive, in comparison with the alleged negligence of Third-Party Defendant, requires that the alleged damage of Red Rock Hounds and Beehive be diminished in proportion to the amount of negligence attributable to them.

### FOURTH AFFIRMATIVE DEFENSE

Red Rock Hounds and Beehive have exaggerated and otherwise increased their alleged damages by failing to mitigate its damages as required by law or otherwise avoid incurring additional unnecessary damages.

### FIFTH AFFIRMATIVE DEFENSE

The incident referred to in the Counterclaim and Third-Party Complaint, and any damages allegedly resulting therefrom, were proximately caused by the conduct of persons and/or entities other than Third-Party Defendant, and further in this regard, Third-Party Defendant states that it had no supervision, duty of supervision, control, nor duty of control exercisable as to said persons and/or entities.

### SIXTH AFFIRMATIVE DEFENSE

The claims of Red Rock Hounds and Beehive are barred by the doctrines of waiver and estoppel.

4851-3812-5774.1                                    5

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Red Rock Hounds and Beehive, with full knowledge of the facts and circumstances surrounding the events referred to in the Complaint by their actions assumed the risk of any and all injuries, of any there were.

## EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Red Rock Hounds and Beehive consented to the alleged matters referred to in the Counterclaim and Third-Party Complaint.

## NINTH AFFIRMATIVE DEFENSE

There is no legal or factual basis for an award of exemplary or punitive damages against Third-Party Defendant. An award of punitive or exemplary damages would violate the Fifth, Sixth, Eighth, and Fourteenth Amendment of the U.S. Constitution and any similar provisions of the Nevada Constitution. Any award of punitive damages would be excessive, repetitive and fundamentally unfair to Third-Party Defendant.

## TENTH AFFIRMATIVE DEFENSE

Red Rock Hounds' Counterclaim fails to sufficiently allege an entitlement to exemplary or punitive damage as a matter of law because it fails to allege sufficient facts to show any conscious disregard for Red Rock Hounds or willful, wanton or malicious act or omissions by Third-Party Defendant or violation of any applicable statute.

## ELEVENTH AFFIRMATIVE DEFENSE

There is no pre-existing legal relationship between Beehive and Third-Party Defendant, nor any duty on the part of Third-Party Defendant to protect Beehive that would support a claim for equitable indemnity.

## TWELFTH AFFIRMATIVE DEFENSE

The claims set forth in the Counterclaim and Third-Party Complaint are barred by the doctrines of consent, laches, waiver, estoppel and/or unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Third-Party Defendant and its agents or employees acted in good faith, with justification and probable cause and without malice toward Red Rock Hounds or

1  Beehive.

### FOURTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Counterclaim and Third-Party Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant has fully performed all obligations required of it under the alleged contract or agreement between the parties, if any such contract or agreement existed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant has substantially performed all obligations required of it under the alleged contract or agreement between the parties, if any such contract or agreement existed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Beehive's Third-Party Complaint is barred by the statute of frauds.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Beehive's claim for breach of contract is barred as a result of the failure to satisfy conditions precedent.

### NINETEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant is informed and believes and thereon alleges that Red Rock Hounds and Beehive are barred from recovering attorney's fees as no contract or statute exists which would authorize such recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

Third-Party Defendant cannot be liable for an amount greater than that represented by the degree or percentage of fault, if any, attributable to Third-Party Defendant that produced Red Rock Hounds' or Beehive's claimed damages. If liability is assessed in any respect against Third-Party Defendant, then the fault or responsibility of all parties, joined or non-joined, including that of Red Rock Hounds and Beehive, should be evaluated and liability apportioned among all persons and entities in proportion to their respective fault or responsibility.

/ / /

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

While Third-Party Defendant denies all allegations of negligence, if found negligent, Third-Party Defendant is liable severally only, and not jointly, for that portion of the judgment which represents the percentage of negligence attributable to this Third-Party Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Third-Party Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Third-Party Defendant reserves the right to seek leave of court to amend its answer to specifically assert any such defense(s). Such defenses are herein incorporated by reference for the specific purpose of not waiving such defense.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of filing of Third-Party Defendant's Answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore, Third-Party Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, Third-Party Defendant prays for judgment against Beehive as follows:

1. That Beehive takes nothing by way of its Third-Party Complaint and that the same be dismissed with prejudice;

2. That Third-Party Defendant be awarded its costs and attorney's fees incurred to defend this action as provided by law; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3.   For such other and further relief as the Court may deem just and proper.

DATED this 16th day of October, 2020.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By  */s/ Jack G. Angaran*
JACK G. ANGARAN
Nevada Bar No. 711
LEWIS BRISBOIS BISGAARD & SMITH LLP
5555 Kietzke Ln, Suite 200
Reno, Nevada 89511

Attorneys for Third-Party Defendant
Moore, Clemens & Co., Inc.

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith LLP and that on this 16th day of October, 2020 I did cause a true copy of **THIRD-PARTY DEFENDANT MOORE CLEMENS & CO.'S ANSWER TO BEEHIVE INSURANCE AGENCY, INC.'S THIRD-PARTY COMPLAINT** to be served via electronic service by U.S. District Court CM/ECF system to the parties on the Electronic Filing System:

Curtis B. Coulter
Coulter Harsh Law
Email: curtis@coulterharshlaw.com
*Attorneys for Interested Party, Tracy Turnbow*

Richard G. Hill, Esq.
Richard G. Hill, Ltd.
Email: rhill@richardhillaw.com
*Counsel for Red Rock Hounds and Barbara Lynn Lloyd*

Griffith H. Hayes, Esq.
Daniel B. Cantor, Esq.
Litchfield Cavo LLP
Email: Hayes@LitchfieldCavo.com
    Cantor@LitchfieldCavo.com
*Counsel for Plaintiff*

Scott T. Tepper, Esq.
Raskin Gorham Anderson Law, LLP
Email: scottjtepper@msn.com
*Counsel for Red Rock Hounds and Barbara Lynn Lloyd*

John C. Boyden, Esq.
Erickson Thorpe & Swainston, Ltd.
Email: jboyden@estreno.com
*Attorney for Beehive Insurance Agency*

Prescott Jones, Esq.
Emily K. Dotson, Esq.
Resnick & Louis, P.C.
*Attorneys for Intervenor American Reliable Ins. Co.*

By  */s/ Sherie L. Morrill*
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

4851-3812-5774.1

10